Plaintiff's First Amended Complaint

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

United States Courts
Southern District of Texas
FILED
JUL 22 2026
Nathan Ochsner, Clerk of Court

**CARL THOMAS BERGMAN,**
Plaintiff,

v.

**CARLING CALDWELL, Individually,**
Defendant.

Civil Action No. 3:26-cv-00236

# TABLE OF CONTENTS


I. Nature of the Action 1

II. Jurisdiction and Venue 2

III. Parties 3

IV. Preliminary Factual Background 4

V. Chronology of the 2018 Investigation and Subsequent Events 5

VI. Plaintiff's Departure from Goose Creek CCISD 7

VII. Texas City ISD Hiring Process 7

VIII. Plaintiff's Subsequent Communications 8

IX. Superintendent's Review of the Recording 9

X. Resulting Harm 10

XI. Defendant Carling Caldwell's Personal Involvement 10

XI. Defendant Carling Caldwell's Personal Involvement 11

XII. Defendant's Knowledge of the 2018 Investigation 12

| | |
|---|---|
| XIII. Factual Basis for Plaintiff's Claims | 13 |
| XIV. Foreseeable Harm | 14 |
| XV. Factual Basis for Actual Malice | 15 |
| XVI. Discovery Expected to Provide Additional Evidence | 16 |
| XVII. Preservation of Evidence (new section) | 17 |
| XVIII. Conditions Precedent | 17 |
| XIX. Incorporation of Factual Allegations | 18 |
| XX. Count I – 42 U.S.C. § 1983 (Fourteenth Amendment Procedural Due Process – Liberty Interest / Stigma-Plus) | 19 |
| XXI. Qualified Immunity Does Not Bar Relief (new section) | 22 |
| XXII. Count II – Defamation Per Se Under Texas Law | 23 |
| XXIII. Count III – Intentional Infliction of Emotional Distress (Pled in the Alternative) | 25 |
| XXIV. Count IV – Declaratory Judgment | 26 |
| XXV. Damages | 27 |
| XXVI. Punitive Damages (Federal Claims) | 29 |

XXVII. Exemplary Damages (Texas Claims) 30

XXVIII. Costs, Interest, and Other Relief 30

XXIX. Prayer for Relief 31

XXX. Jury Demand 33

Certificate of Service 34

# PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, DEFAMATION PER SE, DECLARATORY RELIEF, DAMAGES, AND JURY DEMAND

Plaintiff Carl Thomas Bergman files this First Amended Complaint against Defendant Carling Caldwell, in her individual capacity only, and respectfully alleges as follows:

# I. NATURE OF THE ACTION

**1.** This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, together with supplemental Texas state-law claims arising from the same nucleus of operative facts.

**2.** Plaintiff alleges that Defendant Carling Caldwell, while acting under color of state law and within the scope of her employment as a public-school administrator, made or repeated false and stigmatizing statements concerning Plaintiff during a public-school hiring process.

**3.** Plaintiff alleges that Defendant's conduct resulted in the loss of a specific employment opportunity, caused substantial damage to Plaintiff's professional reputation, and deprived Plaintiff of a constitutionally protected liberty interest without due process of law.

**4.** Plaintiff further alleges that Defendant's conduct constitutes defamation per se under Texas law because the statements attributed to Defendant accused Plaintiff of conduct incompatible with employment in public education and injured Plaintiff in his profession.

**5.** Plaintiff also asserts, in the alternative, a claim for intentional infliction of emotional distress to the extent permitted under Texas law.

**6.** Plaintiff seeks compensatory damages, punitive damages under federal law, exemplary damages where authorized by Texas law, declaratory relief, costs of court, interest, and all other relief to which he is entitled.

# II. JURISDICTION AND VENUE

**7.** This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

**8.** Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983 for alleged violations of rights secured by the Fourteenth Amendment.

**9.** This Court has supplemental jurisdiction over Plaintiff's Texas-law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same case or controversy as the federal claims.

**10.** Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

# III. PARTIES

## Plaintiff

**11.** Plaintiff Carl Thomas Bergman is an individual residing in the State of Texas.

**12.** Plaintiff has devoted his professional career to education, including service in robotics education and student programs.

**13.** At all relevant times, Plaintiff sought employment as an educator within Texas public school districts.

## Defendant

**14.** Defendant Carling Caldwell is an individual who, at all times relevant to this action, was employed as an administrator by Texas public school districts.

**15.** Defendant is sued solely in her individual (personal) capacity.

**16.** Plaintiff does not assert claims against Texas City Independent School District or Goose Creek Consolidated Independent School District.

**17.** Plaintiff seeks to hold Defendant personally liable only for her own alleged actions and statements.

# IV. PRELIMINARY FACTUAL BACKGROUND

**18.** Plaintiff incorporates by reference each preceding paragraph.

**19.** Plaintiff has worked extensively with robotics programs and public-school students.

**20.** During Plaintiff's employment with Goose Creek Consolidated Independent School District ("Goose Creek CISD"), robotics mentor Jim Fox volunteered with the district's robotics program.

**21.** In October 2018, district administrators became aware of allegations involving communications between Mr. Fox and a female student participating on the robotics team.

**22.** On October 30, 2018, Principal Joseph C. Farnsworth issued a written directive to Mr. Fox advising him that the district was conducting an investigation regarding text messages between Mr. Fox and a female robotics student.

**23.** The written directive prohibited Mr. Fox from contacting robotics students, contacting robotics parents regarding the matter, entering district property, or participating in robotics activities until the investigation was completed.

**24.** Defendant Carling Caldwell was copied on that investigative correspondence.

**25.** Plaintiff possesses a copy of the October 30, 2018 investigative directive.

**26.** Plaintiff also possesses additional contemporaneous investigative materials relating to the district's investigation.

**27.** Those materials include investigative emails, communications, timelines, and other documents generated during the investigation.

**28.** Plaintiff further possesses screenshots of communications that formed part of the investigation concerning Mr. Fox.

**29.** Based upon Plaintiff's review of those contemporaneous investigative materials, Plaintiff alleges that Mr. Fox—not Plaintiff—was the identified subject of the district's investigation.

**30.** Plaintiff further alleges that the investigative materials in his possession contain no contemporaneous allegation that Plaintiff had been found "in a closet with a student."

**31.** Plaintiff has carefully reviewed the investigative records available to him and has found no contemporaneous documentation reflecting that such an allegation was made during the 2018 investigation.

**32.** Plaintiff subsequently left employment with Goose Creek CISD.

**33.** Approximately four years after Plaintiff left Goose Creek CISD, Plaintiff applied for employment with Texas City Independent School District.

**34.** During that hiring process, Plaintiff alleges that district personnel inadvertently left an internal discussion connected to his interview on Plaintiff's voicemail after failing to disconnect the call.

**35.** Plaintiff alleges that the recorded voicemail was the first time he became aware of an allegation that robotics mentor Jim Fox had claimed to have caught Plaintiff "in a closet with a student."

# V. CHRONOLOGY OF THE 2018 INVESTIGATION AND SUBSEQUENT EVENTS

**36.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**37.** The 2018 investigation was initiated after school administrators received information concerning communications between robotics mentor Jim Fox and a female student participating on the robotics team.

**38.** On October 30, 2018, Principal Joseph C. Farnsworth notified Mr. Fox in writing that the District was conducting an investigation regarding those communications.

**39.** The written directive instructed Mr. Fox that he was prohibited from contacting robotics students, contacting parents of robotics students concerning the matter, entering District property, or participating in robotics activities until further notice.

**40.** Defendant Carling Caldwell was copied on that investigative communication and, upon information and belief, was involved in or aware of the District's response to the investigation.

**41.** Plaintiff possesses the October 30, 2018 investigative directive together with additional contemporaneous investigation materials.

**42.** Plaintiff further possesses investigative emails, communications, timelines, and screenshots that were generated during or relate to the District's investigation.

**43.** Based upon Plaintiff's review of those contemporaneous records, Plaintiff alleges that Jim Fox—not Plaintiff—was the individual identified as the subject of the investigation.

**44.** Plaintiff further alleges that none of the contemporaneous investigative materials presently in Plaintiff's possession identify Plaintiff as the subject of the investigation initiated on October 30, 2018.

**45.** Plaintiff has carefully reviewed those materials and has found no contemporaneous reference to any allegation that Plaintiff had been found "in a closet with a student."

**46.** Plaintiff alleges that the absence of such an allegation from the contemporaneous records in his possession is significant because Defendant later referenced an accusation of that nature during Plaintiff's subsequent employment process.

**47.** Plaintiff does not presently know when that accusation was first made, whether it was ever documented contemporaneously, or whether it became known to Defendant after the 2018 investigation concluded.

**48.** Plaintiff alleges that discovery is expected to clarify when the allegation first arose, whether it was documented, and what information Defendant possessed at the time she allegedly communicated or relied upon it.

# VI. PLAINTIFF'S DEPARTURE FROM GOOSE CREEK CISD

**49.** Plaintiff subsequently separated from employment with Goose Creek Consolidated Independent School District.

**50.** Plaintiff alleges that approximately four years elapsed between his departure from Goose Creek CISD and the events giving rise to this lawsuit.

**51.** During that period, Plaintiff continued pursuing employment opportunities in education.

# VII. TEXAS CITY ISD HIRING PROCESS

**52.** Approximately four years after leaving Goose Creek CISD, Plaintiff applied for employment with Texas City Independent School District.

**53.** Plaintiff was contacted regarding an employment opportunity and participated in the District's hiring process.

**54.** Plaintiff reasonably believed he remained under consideration for employment.

**55.** Following one communication concerning the hiring process, Plaintiff received a voicemail recording after District personnel allegedly failed to disconnect the call.

**56.** Plaintiff alleges that the recording captured a discussion among District personnel concerning Plaintiff's candidacy.

**57.** Plaintiff further alleges that Defendant Carling Caldwell participated in that discussion.

**58.** According to Plaintiff, Defendant referenced an allegation that robotics mentor Jim Fox claimed to have caught Plaintiff "in a closet with a student."

**59.** Plaintiff alleges that this recorded voicemail was the first occasion on which Plaintiff became aware of any such accusation.

**60.** Plaintiff further alleges that, before hearing the recorded voicemail, he had never been informed that any such allegation existed.

**61.** Plaintiff also alleges that he has found no contemporaneous documentation of that allegation within the investigative materials presently in his possession.

# VIII. PLAINTIFF'S SUBSEQUENT COMMUNICATIONS

**62.** After receiving the voicemail recording, Plaintiff contacted the Career and Technical Education Director involved in the hiring process.

**63.** During that conversation, Plaintiff was advised that it would "not be advisable" to continue with the interview process.

**64.** Plaintiff reasonably understood that statement to mean that his candidacy for employment would not proceed.

**65.** Plaintiff alleges that he consequently lost a specific employment opportunity.

# IX. SUPERINTENDENT'S REVIEW OF THE RECORDING

**66.** Plaintiff subsequently provided the voicemail recording to the Superintendent of Texas City Independent School District.

**67.** Plaintiff alleges that the Superintendent reviewed the recording.

**68.** Plaintiff further alleges that the Superintendent acknowledged to Plaintiff that the recording was authentic.

**69.** Plaintiff also alleges that the Superintendent acknowledged that Defendant Carling Caldwell was the individual speaking on the recording.

**70.** According to Plaintiff, the Superintendent further stated, "That is not how we are supposed to conduct the interview process."

**71.** Plaintiff does not allege that the Superintendent admitted Defendant's statements were false. Rather, Plaintiff alleges only the acknowledgments and statement described above.

# X. RESULTING HARM

**72.** Plaintiff alleges that Defendant's conduct damaged his professional reputation.

**73.** Plaintiff further alleges that Defendant's conduct caused Plaintiff to lose a specific employment opportunity.

**74.** Plaintiff alleges that the accusations attributed to Defendant were of a nature that would foreseeably impair an educator's ability to obtain employment in public education.

**75.** Plaintiff further alleges that Defendant's conduct caused Plaintiff embarrassment, humiliation, emotional distress, and mental anguish.

**76.** Plaintiff also alleges that Defendant's conduct aggravated Plaintiff's preexisting service-connected PTSD, the nature and extent of which will be established through competent evidence to the extent required.

**77.** Plaintiff alleges that he has incurred and continues to incur damages resulting from Defendant's alleged conduct.

**78.** Plaintiff alleges that he was never provided notice of the accusations allegedly communicated during the hiring process, nor afforded a meaningful opportunity to respond before losing the employment opportunity at issue.

# XI. DEFENDANT CARLING CALDWELL'S PERSONAL INVOLVEMENT

**79.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**80.** At all times relevant to this action, Defendant Carling Caldwell was employed as a public-school administrator and acted under color of state law while performing duties relating to public education and personnel matters.

**81.** Plaintiff alleges that Defendant personally participated in communications concerning Plaintiff's application for employment with Texas City Independent School District.

**82.** Plaintiff further alleges that Defendant personally made or repeated statements concerning Plaintiff during those communications.

**83.** Plaintiff alleges that Defendant's participation was direct and personal and was not based solely upon supervisory authority or the actions of others.

**84.** Plaintiff alleges that Defendant's conduct was a substantial factor in the discontinuation of Plaintiff's candidacy for employment.

# XII. DEFENDANT'S KNOWLEDGE OF THE 2018 INVESTIGATION

**85.** Plaintiff alleges that Defendant possessed firsthand knowledge of the 2018 robotics investigation because she participated in or was involved with the District's investigation and received contemporaneous investigative communications.

**86.** Plaintiff further alleges that Defendant was copied on the October 30, 2018 investigative directive issued to Jim Fox.

**87.** Plaintiff alleges that the investigative records presently in Plaintiff's possession identify Jim Fox as the individual whose conduct was under investigation.

**88.** Plaintiff further alleges that those records do not identify Plaintiff as the subject of the investigation initiated in October 2018.

**89.** Plaintiff alleges that the contemporaneous investigative materials presently available to him contain no allegation that Plaintiff had been found "in a closet with a student."

**90.** Plaintiff alleges that the first time he became aware of any such accusation was during the recorded voicemail approximately four years after leaving Goose Creek CISD.

# XIII. FACTUAL BASIS FOR PLAINTIFF'S CLAIMS

**91.** Plaintiff alleges that Defendant referenced or relied upon a serious accusation concerning Plaintiff during the hiring process.

**92.** Plaintiff alleges that the accusation, if made, concerned conduct incompatible with employment in public education.

**93.** Plaintiff alleges that the accusation was communicated during the evaluation of Plaintiff's employment candidacy.

**94.** Plaintiff alleges that no opportunity was provided for Plaintiff to respond to the accusation before the hiring process effectively ended.

**95.** Plaintiff alleges that he was not provided a name-clearing hearing or other meaningful opportunity to contest the accusation before losing the employment opportunity at issue.

**96.** Plaintiff alleges that Defendant's conduct foreseeably exposed Plaintiff to reputational harm, professional stigma, and economic injury.

# XIV. FORESEEABLE HARM

**97.** Plaintiff incorporates the preceding paragraphs.

**98.** Plaintiff alleges that a reasonable public-school administrator would understand that communicating an accusation suggesting inappropriate conduct between an educator and a student during a hiring process could seriously damage the educator's professional reputation.

**99.** Plaintiff further alleges that allegations involving inappropriate conduct with students are uniquely harmful within the field of public education because trust, student safety, and professional integrity are fundamental qualifications for employment.

**100.** Plaintiff alleges that it was reasonably foreseeable that communicating such accusations during a hiring process could interfere with Plaintiff's opportunity to obtain employment.

**101.** Plaintiff alleges that he in fact suffered the loss of a specific employment opportunity following the hiring discussion described above.

# XV. FACTUAL BASIS FOR ACTUAL MALICE

**102.** Plaintiff incorporates the preceding paragraphs.

**103.** Plaintiff alleges that Defendant possessed personal knowledge regarding the 2018 investigation.

**104.** Plaintiff alleges that Defendant had access to contemporaneous investigative information identifying Jim Fox as the subject of the investigation.

**105.** Plaintiff alleges that the investigative records presently in Plaintiff's possession contain no contemporaneous documentation of the accusation later referenced during the hiring discussion.

**106.** Plaintiff alleges that Defendant nevertheless communicated, repeated, or relied upon that accusation during Plaintiff's employment process.

**107.** Plaintiff alleges that these facts, if proven, support an inference that Defendant acted with knowledge of the alleged falsity of the statements or with reckless disregard for whether they were true or false.

**108.** Plaintiff recognizes that Defendant disputes these allegations and intends to prove them through admissible evidence obtained through discovery and presented at trial.

# XVI. DISCOVERY EXPECTED TO PROVIDE ADDITIONAL EVIDENCE

**109.** Plaintiff possesses significant contemporaneous documentary evidence supporting the factual allegations contained in this Complaint.

**110.** Plaintiff further believes that additional relevant evidence remains within the possession, custody, or control of Defendant and third parties.

**111.** Plaintiff expects discovery to include, among other things:

a. investigative files;

b. internal emails;

c. hiring communications;

d. interview notes;

e. personnel records;

f. electronically stored information;

g. metadata associated with relevant electronic communications;

h. records concerning the 2018 investigation;

i. documents relating to Plaintiff's employment application; and

j. communications concerning the statements at issue.

**112.** Plaintiff further expects discovery to clarify:

a. when the accusation referenced during the recorded voicemail was first made;

b. whether it was documented contemporaneously;

c. who first communicated it;

d. what information Defendant possessed when she allegedly repeated or relied upon the accusation;

e. whether additional witnesses possess relevant information; and

f. the basis upon which Plaintiff's employment candidacy was discontinued.

# XVII. CONDITIONS PRECEDENT

**113.** All conditions precedent to Plaintiff's claims that are required to have occurred, have occurred, have been performed, have been excused, or are otherwise satisfied to the extent required by applicable law.

# XVIII. INCORPORATION OF FACTUAL ALLEGATIONS

**114.** Plaintiff incorporates by reference all preceding factual allegations into each count asserted below to the extent applicable.

# XIX. COUNT I

## 42 U.S.C. § 1983 – Fourteenth Amendment Procedural Due Process (Liberty Interest / "Stigma-Plus")

**Against Defendant Carling Caldwell, Individually**

**115.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**116.** At all relevant times, Defendant acted under color of state law while performing duties as a public-school administrator.

**117.** Defendant's conduct constituted state action because the alleged statements were made during communications concerning Plaintiff's application for employment with a Texas public school district.

**118.** Plaintiff possessed a constitutionally protected liberty interest in pursuing his chosen profession free from false governmental stigmatization that effectively foreclosed future employment opportunities without due process of law.

**119.** Plaintiff alleges that Defendant personally communicated, repeated, or relied upon stigmatizing accusations concerning Plaintiff during the hiring process.

**120.** Plaintiff alleges that those accusations suggested inappropriate conduct involving a student and were of a nature that would seriously impair Plaintiff's ability to obtain employment in public education.

**121.** Plaintiff alleges that Defendant's statements were made in connection with an identifiable employment decision involving Plaintiff.

**122.** Plaintiff alleges that, as a direct and proximate result of Defendant's conduct, Plaintiff lost a specific employment opportunity.

**123.** Plaintiff alleges that Defendant's conduct damaged Plaintiff's professional reputation and imposed a stigma that materially interfered with Plaintiff's ability to pursue employment in his profession.

**124.** Plaintiff alleges that he received no advance notice that such accusations would be considered during the hiring process.

**125.** Plaintiff further alleges that he was afforded no meaningful opportunity to respond before the hiring process effectively ended.

**126.** Plaintiff alleges that he was not provided a name-clearing hearing or other comparable procedural protection.

**127.** Plaintiff alleges that Defendant's actions deprived Plaintiff of a protected liberty interest without due process of law in violation of the Fourteenth Amendment.

**128.** Plaintiff alleges that Defendant's conduct was intentional, knowingly undertaken, or carried out with reckless disregard for Plaintiff's constitutional rights.

**129.** In the alternative, Plaintiff alleges that discovery will further establish Defendant's knowledge, the factual basis for the statements at issue, and the circumstances under which those statements were communicated.

**130.** As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including loss of employment opportunities, injury to professional reputation, emotional distress,

mental anguish, aggravation of service-connected PTSD to the extent supported by competent evidence, and other compensable injuries.

# XX. COUNT II

## Defamation Per Se Under Texas Law

**Against Defendant Carling Caldwell, Individually**

**131.** Plaintiff incorporates by reference all preceding paragraphs.

**132.** Defendant published or repeated statements concerning Plaintiff to one or more individuals participating in the hiring process.

**133.** Plaintiff alleges that those statements accused Plaintiff of conduct incompatible with employment as an educator.

**134.** Plaintiff alleges that the statements were false.

**135.** Plaintiff further alleges that Defendant either knew the statements were false, acted with reckless disregard for their truth or falsity, or negligently failed to determine their truth before communicating or relying upon them, as the evidence may ultimately establish.

**136.** Plaintiff alleges that the statements constituted factual assertions capable of being proven true or false and were not protected opinion.

**137.** Plaintiff alleges that the statements were communicated to third parties during Plaintiff's employment process.

**138.** Plaintiff alleges that the statements directly injured Plaintiff in his profession as an educator.

**139.** Plaintiff alleges that the statements constitute defamation per se under Texas law because they accuse Plaintiff of conduct that would adversely affect his fitness to perform his profession.

**140.** Plaintiff seeks all damages recoverable under Texas law, including presumed damages where applicable and any actual damages proven at trial.

# XXI. COUNT III

## Intentional Infliction of Emotional Distress

### (Pled in the Alternative)

**Against Defendant Carling Caldwell, Individually**

**141.** Plaintiff incorporates by reference all preceding paragraphs.

**142.** This claim is pleaded in the alternative and only to the extent Texas law permits recovery if no other tort fully addresses the alleged conduct.

**143.** Plaintiff alleges that Defendant's conduct, if proven, was extreme and outrageous.

**144.** Plaintiff further alleges that Defendant intentionally or recklessly engaged in the conduct described herein.

**145.** Plaintiff alleges that Defendant knew, or reasonably should have known, that communicating accusations of inappropriate conduct involving a student during an educator's hiring process would likely cause severe emotional distress.

**146.** Plaintiff alleges that Defendant's conduct caused Plaintiff severe emotional distress, including humiliation, anxiety, embarrassment, mental anguish, and aggravation of Plaintiff's service-connected PTSD to the extent supported by competent evidence.

**147.** Plaintiff seeks all damages available under Texas law if this alternative claim is determined to be legally viable.

# XXII. COUNT IV

## Declaratory Judgment

### (Alternative Relief)

**Against Defendant Carling Caldwell, Individually**

**148.** Plaintiff incorporates by reference all preceding paragraphs.

**149.** An actual and justiciable controversy exists concerning whether Defendant's alleged conduct violated Plaintiff's constitutional rights.

**150.** Plaintiff contends that Defendant, acting under color of state law, deprived Plaintiff of a protected liberty interest without procedural due process.

**151.** Defendant denies those allegations and asserts immunity and other defenses.

**152.** Plaintiff therefore seeks such declaratory relief as the Court determines is authorized and appropriate under applicable law.

# XXIII. DAMAGES

**153.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**154.** As a direct and proximate result of Defendant's alleged conduct, Plaintiff has suffered injuries and damages for which Defendant is legally responsible.

**155.** Plaintiff alleges that Defendant's conduct caused the loss of a specific employment opportunity and impaired Plaintiff's ability to pursue employment within his chosen profession.

**156.** Plaintiff further alleges that Defendant's conduct damaged Plaintiff's professional reputation and standing within the educational community.

**157.** Plaintiff alleges that Defendant's conduct caused embarrassment, humiliation, emotional distress, mental anguish, and loss of enjoyment of life.

**158.** Plaintiff further alleges that Defendant's conduct aggravated Plaintiff's preexisting service-connected Post-Traumatic Stress Disorder ("PTSD"), the nature and extent of which will be established through competent evidence to the extent required by law.

**159.** Plaintiff alleges that he has incurred and may continue to incur damages including, but not limited to:

a. lost employment opportunities;

b. loss of earning capacity to the extent proven;

c. injury to professional reputation;

d. emotional distress;

e. mental anguish;

f. humiliation and embarrassment;

g. aggravation of PTSD, if proven;

h. costs associated with treatment, if proven; and

i. all other damages recoverable under applicable federal and Texas law.

# XXIV. PUNITIVE DAMAGES

**(Federal Claims)**

**160.** Plaintiff incorporates all preceding paragraphs.

**161.** Plaintiff alleges that Defendant's conduct, if proven, was intentional or undertaken with reckless disregard for Plaintiff's federally protected rights.

**162.** Plaintiff therefore seeks punitive damages under 42 U.S.C. § 1983 in an amount to be determined by the jury and permitted by law.

# XXV. EXEMPLARY DAMAGES

**(Texas Claims)**

**163.** Plaintiff incorporates all preceding paragraphs.

**164.** To the extent authorized by Texas law, Plaintiff seeks exemplary damages upon proof of the applicable statutory standard.

# XXVI. COSTS, INTEREST, AND OTHER RELIEF

**165.** Plaintiff requests recovery of taxable court costs.

**166.** Plaintiff requests prejudgment interest where authorized by law.

**167.** Plaintiff requests post-judgment interest as provided by law.

**168.** Plaintiff further requests all additional relief, whether legal or equitable, to which Plaintiff may be entitled.

# XXVII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carl Thomas Bergman respectfully requests that, after notice and trial, the Court enter judgment in his favor and against Defendant Carling Caldwell, individually, and award the following relief:

A. A declaration, to the extent authorized by law and warranted by the evidence, regarding the parties' rights and obligations under the United States Constitution;

B. Compensatory damages in an amount to be determined by the trier of fact;

C. Damages for injury to Plaintiff's professional reputation;

D. Damages for emotional distress, humiliation, and mental anguish;

E. Damages for loss of employment opportunities and loss of earning capacity to the extent proven;

F. Constitutional damages recoverable under 42 U.S.C. § 1983;

G. Punitive damages under federal law as permitted by law;

H. Exemplary damages on Plaintiff's Texas-law claims to the extent authorized by law;

I. Prejudgment and post-judgment interest;

J. Taxable court costs;

K. Such other and further relief, at law or in equity, as the Court deems just and proper.

# XXVIII. JURY DEMAND

**169.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Carl Thomas Bergman**
Plaintiff, Pro Se

2004 Winding Springs Lane
League City, Texas 77573
832-567-5071
carlbergman@yahoo.com

## Certificate of Service

I certify that a true and correct copy of this First Amended Complaint was served in accordance with the Federal Rules of Civil Procedure and any applicable orders of the Court.

Date: 7/22/26

Carl Thomas Bergman