United States District Court
Southern District of Texas
**ENTERED**
September 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CARL THOMAS BERGMAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00236 |
| | § | |
| CARLING CALDWELL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

On June 25, 2026, Plaintiff Carl Bergman instituted this lawsuit against Defendant Carling Caldwell in the Galveston County Court at Law No. 2. Bergman's entire lawsuit is based on a voicemail message inadvertently left for Bergman, which allegedly contains false and defamatory statements that Caldwell made about Bergman in the context of Bergman's candidacy for a position at Texas City Independent School District.

On July 21, 2026, Caldwell removed the lawsuit to this court based on federal question jurisdiction because Bergman asserts a Fourteenth Amendment due process claim under 42 U.S.C. § 1983 against Caldwell. After removal, Bergman filed his First Amended Complaint, which is the operative pleading. *See* Dkt. 3.

Caldwell has moved to dismiss the First Amended Complaint. *See* Dkt. 9. Caldwell argues, among other things, that Bergman's § 1983 claim—the sole basis for this court's federal question jurisdiction—is time-barred. In response, Bergman concedes that the allegedly defamatory phone call giving rise to his claims "occurred on June 26, 2023"—almost three years to the day before he filed this lawsuit. Dkt. 11 at 5. The statute of limitations for a § 1983 claim "is determined by the general statute of limitations governing personal injuries in the forum state. Since Texas has a two year statute of limitations for personal injury claims, [Bergman] had two years to file suit from the date h[is] claim accrued." *Piotrowski*

*v. City of Hou.*, 237 F.3d 567, 576 (5th Cir. 2001) (cleaned up). It is undisputed that Bergman missed this deadline by 364 days—one day shy of a year.

Bergman "recognizes that this . . . date presents a substantial limitations issue." Dkt. 11 at 6. Indeed, Bergman concedes, at length, that his § 1983 claim is time-barred on the present record. He recognizes that he cannot "establish equitable tolling or equitable estoppel and that mere investigation or efforts at internal resolution do not necessarily suspend limitations." *Id.* Bergman "does not represent that the existing record establishes a limitations-avoidance doctrine." *Id.* Rather, Bergman asks that "[i]f additional facts in the record truthfully support accrual, tolling, estoppel, or a later independently actionable publication," that he be given leave to replead. *Id.* Bergman does not, however, identify any facts that he could replead that would change the analysis. Accordingly, affording Bergman an opportunity to amend would be futile.

Because it is undisputed that the operative pleading asserts only a time-barred federal claim, I recommend that Caldwell's motion to dismiss (Dkt. 9) be granted as to Bergman's § 1983 claim. I further recommend that the court decline to exercise supplemental jurisdiction over Bergman's state law claims and dismiss them without prejudice. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."); *see also* 28 U.S.C. § 1367(c).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 24th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE