United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| CARL THOMAS BERGMAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00236 |
| | § | |
| CARLING CALDWELL, | § | |
| | § | |
| Defendant. | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION**

On June 25, 2026, Plaintiff Carl Bergman instituted this lawsuit against Defendant Carling Caldwell in the Galveston County Court at Law No. 2. Bergman's entire lawsuit is based on a voicemail message inadvertently left for Bergman, which allegedly contains false and defamatory statements that Caldwell made about Bergman in the context of Bergman's candidacy for a position at Texas City Independent School District.

On July 21, 2026, Caldwell removed the lawsuit to this court based on federal question jurisdiction because Bergman asserts a Fourteenth Amendment due process claim under 42 U.S.C. § 1983 against Caldwell. After removal, Bergman filed his First Amended Complaint, which is the operative pleading. *See* Dkt. 3. In that pleading, Bergman brings four claims: (1) a § 1983 claim; (2) a defamation claim; (3) an intentional infliction of emotional distress claim; and (4) a declaratory judgment claim. *See id.* at 16–20.

Caldwell has moved to dismiss the First Amended Complaint. *See* Dkt. 9. Caldwell argues, among other things, that Bergman's § 1983 claim—the sole basis for this court's federal question jurisdiction—is time-barred. In response, Bergman concedes that the allegedly defamatory phone call giving rise to his claims "occurred on June 26, 2023"—almost three years to the day before he filed this lawsuit. Dkt. 11 at 5. The statute of limitations for a § 1983 claim "is determined by the general statute of limitations governing personal injuries in the forum state.

Since Texas has a two year statute of limitations for personal injury claims, [Bergman] had two years to file suit from the date h[is] claim accrued." *Piotrowski v. City of Hou.*, 237 F.3d 567, 576 (5th Cir. 2001) (cleaned up). It is undisputed that Bergman missed this deadline by 364 days—one day shy of a year.

Bergman "recognizes that this . . . date presents a substantial limitations issue." Dkt. 11 at 6. Indeed, Bergman concedes, at length, that his § 1983 claim is time-barred on the present record. He recognizes that he cannot "establish equitable tolling or equitable estoppel and that mere investigation or efforts at internal resolution do not necessarily suspend limitations." *Id.* Bergman "does not represent that the existing record establishes a limitations-avoidance doctrine." *Id.* Rather, Bergman asks that "[i]f additional facts in the record truthfully support accrual, tolling, estoppel, or a later independently actionable publication," that he be given leave to replead. *Id.* Bergman does not, however, identify any facts that he could replead that would change the analysis. Accordingly, affording Bergman an opportunity to amend would be futile. Because it is undisputed that the operative pleading asserts a time-barred federal claim, I recommend that Bergman's § 1983 claim be dismissed.

The Fifth Circuit's "general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). A district court, however, should not do so when principles of comity and fairness support the exercise of supplemental jurisdiction. *See Rosado v. Wyman*, 397 U.S. 397, 403–04 (1970). In determining whether to retain jurisdiction over state-law claims once all federal claims have been dismissed, district courts enjoy wide discretion. *See Heggemeier v. Caldwell County*, 826 F.3d 861, 872 (5th Cir. 2016).

Here, Bergman's state law claims—which arise out of the same event as his § 1983 action—are also barred by the statute of limitations. For Bergman's intentional infliction of emotional distress claim, the statute of limitations is the same as his § 1983 claim: two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a);

*Deaver v. Desai*, 483 S.W.3d 668, 675 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The limitations period for Bergman's defamation claim is even more strict: one year from the first date of publication. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 742 (5th Cir. 2019). Given that Bergman's state-law claims are unquestionably barred by the statute of limitations, the most sensible approach is to exercise supplemental jurisdiction over those claims and dismiss them with prejudice. There is no reason to allow Bergman to re-file time barred claims in state court.

Finally, Bergman's claim for declaratory judgment is duplicative of his § 1983 claim. "Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit." *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-cv-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (collecting cases). Because Bergman's declaratory judgment claim does not seek to resolve any issue not resolved by his three substantive claims, his declaratory judgment claim should also be dismissed.

In conclusion, I recommend that Caldwell's motion to dismiss (Dkt. 9) be granted and Bergman's claims be dismissed with prejudice. The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 1st day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE